**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMESH PRASAD; FOUZIA GULNAR PRASAD, | No. 07-72788 |
| Petitioners, | Agency Nos. A078-642-384 |
| | A078-642-385 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges

Ramesh Prasad and his wife, Fouzia Gulnar Prasad, natives and citizens of

Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NV/Research

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

We reject petitioner's contention that the BIA erred by failing to weigh the appropriate evidence in considering the motion to reopen. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed nearly three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Prasad failed to establish changed country conditions in Fiji to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is … whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

To the extent Prasad challenges the BIA's September 23, 2004 order denying asylum, withholding of removal and relief under the Convention Against Torture, we decline to consider the contentions because they have already been rejected by this court in *Prasad v. Gonzales*, No. 04-75207, 2006 WL 620750 (9th Cir. Mar. 14, 2006). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)

(explaining that under the 'law of the case doctrine,' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**